IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Timothy Tyrone Alexander,<br><br>PETITIONER<br><br>v.<br><br>United States of America,<br><br>RESPONDENT | Crim. No. 4:11-cr-00416-TLW-1<br>C/A No. 4:18-cv-01497-TLW<br><br>**Order** |

This matter comes before the Court for consideration of the pro se petition to vacate, set aside, or correct a sentence pursuant to 28 U.S.C. § 2255 filed by Petitioner Timothy Tyrone Alexander, as well as his motion for a sentence reduction pursuant to Amendment 782 to the Sentencing Guidelines.

In the habeas petition, Petitioner claims that the Court erred in not reducing his sentence under U.S.S.G. § 5G1.3(b) for the time he served in state prison on an undischarged term of imprisonment that was relevant conduct to the federal offense, and that his counsel rendered ineffective assistance of counsel by failing to pursue this issue on appeal. He asks the Court to vacate the judgment and resentence him.

In the Amendment 782 motion, Petitioner asks for overlapping relief. Specifically, he asks for an Amendment 782 reduction in light of *Hughes v. United States*, 138 S. Ct. 1765 (2018) and as a part of his reduction, he asks the Court to reduce his sentence under § 5G1.3(b).[1]

---

[1] His prior Amendment 782 motion was denied in light of *Freeman v. United States*, 564 U.S. 522 (2011) and his Rule 11(c)(1)(C) agreement to a 180-month sentence.

1

At the time of Petitioner's federal sentencing, he was serving an undischarged term of imprisonment for the state convictions described in Paragraph 34 of the PSR. He was convicted and sentenced on those charges on December 17, 2009 and received his federal sentence on February 7, 2012—a difference of 25 months. These convictions were counted as relevant conduct, as reflected in the PSR and as agreed upon by Probation and the Government at sentencing. *See* PSR ¶¶ 11, 34; Sent. Tr. 14:5–7, 18:18–19:11. These convictions increased his offense level because that conduct added to his drug weight and supported the firearm enhancement. The Bureau of Prisons (BOP) will not give him credit for that time because it was credited to his state sentence. *See* 18 U.S.C. § 3585(b). Accordingly, it appears that § 5G1.3(b) should have been applied and that his sentence therefore should have been reduced by 25 months.

As noted above, Petitioner asks for this relief in both his habeas petition and his Amendment 782 motion. The Government did not oppose his Amendment 782 motion. However, the Government did oppose his habeas petition, arguing that it should be dismissed as untimely. Petitioner argues that his petition was timely filed after applying equitable tolling principles. He points out that at the sentencing hearing, he preserved the issue for further review, as reflected in the transcript. The Court directed him to pursue the matter with the BOP and he did just that. *See* Sent. Tr. 25:12–26:1. It was only after he unsuccessfully pursued his argument through

---

ECF No. 918. As *Hughes* makes clear, that is no longer the law and most drug defendants who were sentenced pursuant to a Rule 11(c)(1)(C) agreement are now eligible for an Amendment 782 reduction. *See Hughes*, 138 S. Ct. at 1776.

the BOP appeal process and then through the denial of a § 2241 petition that he filed this § 2255 petition. *See Alexander v. Andrews*, No. 5:15-hc-02212-D (E.D.N.C.), ECF No. 1-2 at 2–3 (BOP denial), ECF No. 21 (order denying § 2241 petition).

The Court anticipates granting his Amendment 782 motion and reducing his sentence to 165 months, and then reducing that by 25 months pursuant to § 5G1.3(b), for an overall sentence of 140 months.[2] However prior to doing so, the Court concludes that the Government should weigh in on this matter. Accordingly, the Government is directed to file a response to this proposed action within 30 days of the date of this order.

**IT IS SO ORDERED**.

                                          *s/ Terry L. Wooten*
                                          Terry L. Wooten
                                          Senior United States District Judge

July 30, 2020
Columbia, South Carolina

---

[2] If the Court does so, this will render moot his § 2255 petition because the only relief he is seeking in his petition is to get credit under § 5G1.3(b) and the Court anticipates giving him that credit in conjunction with the Amendment 782 reduction.

3