AO 247 (Rev. 11/11) Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)          Page 1 of 2 (Page 2 Not for Public Disclosure)

# UNITED STATES DISTRICT COURT
for the
District of South Carolina

United States of America
v.
Timothy Tyrone Alexander

Case No: 4:11-cr-00416-TLW-1
USM No: 22603-171

Date of Original Judgment: 02/13/2012
Date of Previous Amended Judgment:
*(Use Date of Last Amended Judgment if Any)*

Pro se
*Defendant's Attorney*

## ORDER REGARDING MOTION FOR SENTENCE REDUCTION PURSUANT TO 18 U.S.C. § 3582(c)(2)

Upon motion of ☑ the defendant ☐ the Director of the Bureau of Prisons ☐ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,

**IT IS ORDERED** that the motion is:
☐ DENIED.  ☑ GRANTED and the defendant's previously imposed sentence of imprisonment *(as reflected in the last judgment issued)* of  180  months is reduced to  140 months  .

*(Complete Parts I and II of Page 2 when motion is granted)*

If this sentence is less than the amount of time Defendant has already served, this sentence is reduced to a time-served sentence of imprisonment.

(See additional comments; Amendment 782 relief pursuant to Hughes; relief sought pursuant to § 5G1.3(b) granted (grant of habeas relief sought); Government does not oppose 140-month sentence)

Except as otherwise provided, all provisions of the judgment dated  02/13/2012  shall remain in effect.
**IT IS SO ORDERED.**

Order Date:  09/11/2020

s/ Terry L. Wooten
*Judge's signature*

Effective Date: _____
*(if different from order date)*

Terry L. Wooten, Senior United States District Judge
*Printed name and title*

AO 247 (Rev. 11/11)  Order Regarding Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2)    Page 2 of 2 (Page 2 Not for Public Disclosure)

**This page contains information that should not be filed in court unless under seal.**
*(Not for Public Disclosure)*

DEFENDANT: Timothy Tyrone Alexander
CASE NUMBER: 4:11-cr-00416-TLW-1
DISTRICT: District of South Carolina

## I. COURT DETERMINATION OF GUIDELINE RANGE *(Prior to Any Departures)*

Previous Total Offense Level: 31     Amended Total Offense Level: 29
Criminal History Category: VI        Criminal History Category: VI
Previous Guideline Range: 188 to 235 months    Amended Guideline Range: 151 to 188 months

## II. SENTENCE RELATIVE TO THE AMENDED GUIDELINE RANGE

☑ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a substantial assistance departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ The reduced sentence is above the amended guideline range.

## III. ADDITIONAL COMMENTS

Defendant was originally sentenced to 180 months pursuant to a Rule 11(c)(1)(C) agreement. His previous Amendment 782 motion was denied in light of Freeman v. United States, 564 U.S. 522 (2011). ECF No. 918. However, pursuant to the Supreme Court's subsequent decision in Hughes v. United States, 138 S. Ct. 1765 (2018), he is now eligible for a reduced sentence pursuant to Amendment 782.

The Court has now concluded that, in light of Amendment 782, a sentence of 165 months is appropriate. The Court then reduced that sentence by 25 months pursuant to U.S.S.G. § 5G1.3(b) to reach the ultimate sentence of 140 months or time served, whichever is greater (relief sought in habeas filing). This federal sentence is to run concurrently with the remainder of his state sentence on the convictions outlined in Paragraph 34 of the PSR. The Court intends that his federal sentence will begin to run on the date of his federal sentencing - February 7, 2012. The Government was put on notice by the Court regarding imposition of a 140-month sentence and given the opportunity to contest this sentence. ECF No. 1067. No response in opposition was filed.

At the time of his original federal sentencing, he was serving an undischarged term of imprisonment for the state convictions described in Paragraph 34 of the PSR. He was convicted and sentenced on those charges on December 17, 2009 and received his federal sentence on February 7, 2012 - a difference of 25 months. These convictions were counted as relevant conduct, as reflected in the PSR and as agreed upon by Probation and the Government at sentencing. These convictions increased his offense level because that conduct added to his drug weight and supported the firearm enhancement. The BOP will not give him credit for that time pursuant to 18 U.S.C. § 3585(b) because that time was credited to his state sentence. Accordingly, § 5G1.3(b) applies and his sentence should therefore be reduced by 25 months. This grant of § 5G1.3(b) relief now moots his habeas request for the same relief.

Pursuant to United States v. Ketter, 908 F.3d 61 (4th Cir. 2018), to the extent that a sentence of time served constitutes an upward variance, having carefully considered the record in this case and the § 3553(a) factors, the Court concludes that such a variance is warranted. See, e.g., United States v. Laguerre, No. 5:02-cr-30098-3, 2019 WL 861417, at *3-4 (W.D. Va. Feb. 22, 2019).